## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

L.C. YOUNG, as Special Administrator
of the Estate of Dan Young, Jr., deceased,

      Plaintiff,

v.

CITY OF CHICAGO, Present and Former
Chicago Police Officers KENNETH
BOUDREAU, JOHN HALLORAN, JAMES
O'BRIEN, JON BURGE, ANDREW
CHRISTOPHERSON, DANIEL McWEENY,
MICHAEL KILL, WILLIAM MOSER,
JOHN PALADINO, Assistant State's Attorney
MIKE ROGERS, and other AS-YET-UNKNOWN
CHICAGO POLICE OFFICERS,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**07CV0758**
**JUDGE GRADY**
**MAG.JUDGE VALDEZ**

FILED
FEB 08 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### JOINT NOTICE OF REMOVAL

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City

of Chicago, along with Defendants Kenneth Boudreau, John Halloran, James O'Brien, Andrew

Christopherson, Daniel McWeeny, Michael Kill, William Moser and John Paladino, by their attorney

Joseph Polick, Assistant Corporation Counsel of the City of Chicago, and Jon Burge, by his attorney,

Elizabeth Ekl, and Mike Rogers, by his attorney Louis R. Hegeman (herein collectively referred to

as "Defendants"), respectfully seeks removal in the above-entitled action to this Court, pursuant to

28 U.S.C. §1441(b) and ( c ), on the following grounds:

    1. Plaintiff filed this action on or about January 10, 2007, in the Circuit Court of Cook

County, Illinois, as *L.C. YOUNG, as Special Administrator of the Estate of Dan Young, Jr.,*

*deceased v. CITY OF CHICAGO, Present and Former Chicago Police Officers KENNETH*

*BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, Assistant State's Attorney MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS*, case number 07 L 0291. A copy of the Complaint was served on the City of Chicago on January 12, 2007. Thereafter, based on information and belief, all other named defendants were served a copy of the Complaint. Therefore, this notice is filed within 30 days of service of the complaint on the City of Chicago. See Summons and Complaint attached hereto as Exhibit A.

2. As stated, based on information and belief, all named defendants have been served with a Summons and Complaint in this action, and all named defendants consent to this removal. Thus, this petition is presented to this Court jointly.

3. It appears from the face of the complaint that this is a civil rights action that arises under the United States Constitution and involves a federal question. The complaint alleges, among other things, that the defendants violated the rights of the plaintiff as pursuant to 42 U.S.C. §1983 (see Counts I-VI I and IX-XI of Plaintiff's complaint). Defendant is therefore entitled to remove this action to this Court, pursuant to 28 U.S.C. §1441(b) and ( c ).

WHEREFORE, Defendants respectfully requests that the above-entitled action, which is now pending in the Circuit Court of Cook County in the State of Illinois, Case Number 07 L 0291, be

////

////

////

////

////

removed the United States District Court for the Northern District of Illinois.

MARA S. GEORGES
Corporation Counsel, City of Chicago
Attorney for City of Chicago

By: *Catherine M. Kelly*

CATHERINE M. KELLY
Assistant Corporation Counsel
30 North LaSalle St., Ste 1610
Chicago, IL 60602
(312) 744-1566

Attorney for Defendants Kenneth Boudreau, John
Halloran, James O'Brien, Andrew Christopherson,
Daniel McWeeny, Michael Kill, William Moser and
John Paladino

*Joseph M. Polick JG*

JOSEPH M. POLICK
Assistant Corporation Counsel
30 North LaSalle St., Ste 1400
Chicago, IL 60602
(312) 742-0029

Attorney for Defendant, Jon Burge

_____

ELIZABETH A. EKL
James G. Sotos & Associates
550 E. Devon, Suite 150
Itasca, IL 60143

Attorney for Defendant, Mike Rogers

_____

LOUIS HEGEMAN
Cook County State's Attorney
500 Richard Daley Center
Chicago, IL 60602
(312) 603-5468

removed the United States District Court for the Northern District of Illinois.

MARA S. GEORGES
Corporation Counsel, City of Chicago
Attorney for City of Chicago


By: _____

CATHERINE M. KELLY
Assistant Corporation Counsel
30 North LaSalle St., Ste 1610
Chicago, IL 60602
(312) 744-1566

Attorney for Defendants Kenneth Boudreau, John
Halloran, James O'Brien, Andrew Christopherson,
Daniel McWeeny, Michael Kill, William Moser and
John Paladino


_____
JOSEPH M. POLICK
Assistant Corporation Counsel
30 North LaSalle St., Ste 1400
Chicago, IL 60602
(312) 742-0029

Attorney for Defendant, Jon Burge


_____
ELIZABETH A. EKL
James G. Sotos & Associates
550 E. Devon, Suite 150
Itasca, IL 60143

Attorney for Defendant, Mike Rogers


_____
LOUIS HEGEMAN
Cook County State's Attorney
500 Richard Daley Center
Chicago, IL 60602
(312) 603-5468

removed the United States District Court for the Northern District of Illinois.

MARA S. GEORGES
Corporation Counsel, City of Chicago
Attorney for City of Chicago

By:    *Catherine M. Kelly*
CATHERINE M. KELLY
Assistant Corporation Counsel
30 North LaSalle St., Ste 1610
Chicago, IL 60602
(312) 744-1566

Attorney for Defendants Kenneth Boudreau, John
Halloran, James O'Brien, Andrew Christopherson,
Daniel McWeeny, Michael Kill, William Moser and
John Paladino

JOSEPH M. POLICK
Assistant Corporation Counsel
30 North LaSalle St., Ste 1400
Chicago, IL 60602
(312) 742-0029

Attorney for Defendant, Jon Burge

ELIZABETH A. EKL
James G. Sotos & Associates
550 E. Devon, Suite 150
Itasca, IL 60143

Attorney for Defendant, Mike Rogers

LOUIS HEGEMAN
Cook County State's Attorney
500 Richard Daley Center
Chicago, IL 60602
(312) 603-5468

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| L.C. YOUNG, as Special Administrator<br>of the Estate of Dan Young, Jr., deceased, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | No. |
| CITY OF CHICAGO, Present and Former<br>Chicago Police Officers KENNETH<br>BOUDREAU, JOHN HALLORAN, JAMES<br>O'BRIEN, JON BURGE, ANDREW<br>CHRISTOPHERSON, DANIEL McWEENY,<br>MICHAEL KILL, WILLIAM MOSER,<br>JOHN PALADINO, Assistant State's Attorney<br>MIKE ROGERS, and other AS-YET-UNKNOWN<br>CHICAGO POLICE OFFICERS, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:     Kathleen T. Zellner
        Kathleen T. Zellner & Associates
        2215 York Road, Suite 504
        Oak Brook, Illinois 60523

**PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court a **JOINT NOTICE OF REMOVAL**, a copy of which is attached hereto and herewith served upon you.

I hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **JOINT NOTICE OF REMOVAL** to be sent via U.S. mail to the person in the foregoing Notice at the address therein shown on this _8_ day of February 2007.

**DATED** at Chicago, Illinois this _8_ day of February 2007.

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel
CITY OF CHICAGO

BY: _Catherine M. Kelly_

CATHERINE M. KELLY
Assistant Corporation Counsel

30 North LaSalle Street, Ste 1610
Chicago, IL 60602
(312) 744-1566

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

L.C. YOUNG, as Special Administrator
of the Estate of Dan Young, Jr., deceased,

       Plaintiff,

    v.

CITY OF CHICAGO, Present and Former
Chicago Police Officers KENNETH
BOUDREAU, JOHN HALLORAN,
JAMES O'BRIEN, JON BURGE,
ANDREW CHRISTOPHERSON, DANIEL
McWEENY, MICHAEL KILL, WILLIAM
MOSER, JOHN PALADINO, Assistant
State's Attorney MIKE ROGERS, and other
AS-YET-UNKONWN CHICAGO POLICE
OFFICERS,

No. _____

### SUMMONS

SERVE:
To each Defendant:

    James Laski, City Clerk, City of Chicago
    121 North LaSalle Street, Chicago, Illinois  60602

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___#801___, Chicago, Illinois 60602

☐ District 2 - Skokie
   5600 Old Orchard Rd.
   Skokie, IL 60077

☐ District 3 - Rolling Meadows
   2121 Euclid
   Rolling Meadows, IL 60008

☐ District 4 - Maywood
   1500 Maybrook Ave.
   Maywood, IL 60153

☐ District 5 - Bridgeview
   10220 S. 76th Ave.
   Bridgeview, IL 60455

☐ District 6 - Markham
   16501 S. Kedzie Pkwy.
   Markham, IL 60426

☐ Child Support
   28 North Clark St., Room 200
   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: ___#27942___

Name: ___Kathleen T. Zellner & Associates___

  for: ___Plaintiff___

Address: ___2215 York Road, Suite #504___

City/State/Zip: ___Oak Brook, Illinois 60523___

Telephone: ___(630) 955-1212___

Service by Facsimile Transmission will be accepted at: _____

WITNESS **JAN 1 0 2007**

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

Clerk of Court

Date of Service _____
(To be inserted by officer on copy left with defendant
or other person)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

L.C. YOUNG, as Special Administrator )
of the Estate of Dan Young, Jr., deceased, )
                                  )
         Plaintiff,          )
                                    )
        v.                )
CITY OF CHICAGO, Present and Former )
Chicago Police Officers KENNETH )
BOUDREAU, JOHN HALLORAN, )
JAMES O'BRIEN, JON BURGE, )
ANDREW CHRISTOPHERSON, DANIEL )
McWEENY, MICHAEL KILL, WILLIAM )
MOSER, JOHN PALADINO, Assistant )
State's Attorney MIKE ROGERS, and other )
AS-YET-UNKONWN CHICAGO POLICE )
OFFICERS, )
                                    )
        Defendants.        )      **JURY TRIAL DEMANDED**

---

## COMPLAINT

---

NOW COMES Plaintiff, L.C. YOUNG, as Special Administrator of the ESTATE

OF DAN YOUNG, JR., deceased, by and through his attorneys, KATHLEEN T.

ZELLNER & ASSOCIATES, and complaining of Defendants CITY OF CHICAGO,

KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE,

ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM

MOSER, JOHN PALADINO and other AS-YET-UNKNOWN CHICAGO POLICE

OFFICERS (collectively, the "Defendant Officers"), and Assistant Cook County States

Attorney MIKE ROGERS, alleges as follows:

### Introduction

1.      Plaintiff Dan Young, Jr., ("Mr. Young") with an IQ of 56, was arrested for the vicious rape, torture and murder of Kathy Morgan. Police claimed that he admitted committing the brutal and heinous crimes with the assistance of Harold Hill and Peter Williams. Mr. Young, who could not read or write, was then prosecuted and convicted upon the basis of a statement written out for him by prosecutors. He spent over twelve years in prison.

2.      Mr. Young was exonerated by forensic testing, including DNA evidence. Having conclusively established his innocence beyond any question, his wrongful conviction was vacated in January of 2005 by agreement with the Cook County prosecutors, and he was released that day from the Illinois Department of Corrections

3.      Immediately upon his release, he obtained employment. He is expected to receive a full pardon, albeit posthumous, based on actual innocence, in the near future.

4.      Dan Young, Jr. was killed by a hit and run driver in Chicago, Illinois, on April 27, 2006. Shortly thereafter, his brother, L.C. Young, was appointed as Special Administrator of his Estate, in the Circuit Court of Cook County.

5.      Mr. Young's wrongful conviction was the direct product of police misconduct. In particular, Mr. Young was convicted on the basis of his false "confession," secured by means of improper coercion during his interrogation.

6.      Mr. Young's false "confession" was improperly bolstered by false and coerced confessions from two other witnesses, one of whom was a teenager, and the other of whom turned out to be locked up in the Cook County Jail at the precise time he was

2

supposedly (according to his and Young's "confessions") killing the victim with Mr. Young.

7.    All three "confessions" were coerced and false. All three false confessions are contradicted by the recent DNA testing. The State of Illinois has expressly recognized the innocence of the three "confessors," and has since released all of them.

8.    Unfortunately, the misconduct which caused Mr. Young's wrongful conviction was not an isolated incident. To the contrary, Mr. Young and his co-defendants were victimized by a group of notorious Chicago Police Detectives, led by Defendants Boudreau and Halloran, who engaged in a disturbing succession of similar abuses over a period of years, frequently preying on the young and the mentally challenged in order to close unsolved murders.

9.    Because the City of Chicago permitted the Defendant Officers to engage in this outrageous pattern of abuse with total impunity, the City is independently responsible for the tragedy that has befallen Mr. Young.

## Jurisdiction and Venue

10.   This action is brought pursuant to the laws of the State of Illinois, the Illinois Constitution, the United States Constitution and 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

11.   The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## The Morgan Murder

12.     In the early morning hours of October 14, 1990, the partially-naked remains of 39 year old Kathy Morgan were discovered by Chicago firefighters amidst a fire in an abandoned building on West Garfield Boulevard, in the area of 55th and Bishop.

13.     Kathy Morgan had been brutally raped, tortured, strangled and murdered. The abandoned building had been set on fire in an apparent attempt to conceal evidence.

## Plaintiff Dan Young, Jr.

14.     On or about March 22, 1992, Plaintiff, Dan Young, Jr., resided at 55th and Halsted in Chicago, Illinois. At all relevant times, Dan Young could not read or write, except for his name. At that time, Dan Young had never met and did not know Kathy Morgan, Harold Hill, or Peter Williams.

15.     At that time, Mr. Young was arrested and interrogated by the Defendants, among others.

16.     At that time, Mr. Young was walking home from his job to wash his clothes when Detectives Leonard Kulkula ("Kulkula") and Terry O'Connor ("O'Connor"), acted without probable cause, forced him off the street into their car and took him to the Chicago Police Station, where they handcuffed him and locked him inside a room.

17.     Detectives Kulkula and O'Connor exceeded their authority when they, without probable cause, accused Mr. Young of the crimes committed against Kathy Morgan. Mr. Young denied any involvement in those crimes.

18.     When Kulkula and O'Connor's shift ended, Detectives James O'Brien ("Defendant O'Brien") and Andrew Christopherson ("Defendant Christopherson") took

4

over the case. Immediately, they exceeded their authority when they, without probable cause, began to accuse Mr. Young of the crimes committed against Ms. Morgan.

19.     Defendant O'Brien exceeded his authority when he slapped Mr. Young in the face in response to Mr. Young's repeated denials. In the course of the interrogation, these Defendants kicked and struck Mr. Young in order to induce him to falsely confess and implicate himself and Mr. Hill.

20.     Defendants O'Brien and Christopherson conferred with Defendant Rogers and Defendant Rogers became involved with Mr. Young because he claimed to have special experience with mentally slow individuals.

21.     Mr. Young's IQ of 56 was well below the common benchmark for retardation, and his verbal IQ was only ten points above the lowest score possible. According to two psychiatrists and a psychologist who examined him, he was unable to state where the sun rises, describe what a "ship" is, count backwards, or subtract 6 from 10. Notwithstanding his obvious mental deficiencies, Mr. Young was interrogated at length without counsel by the Defendant Officers, as well as Defendant Rogers, acting in a capacity akin to an investigating officer.

22.     Defendant Rogers exceeded his authority when he confronted Mr. Young and advised that he knew how the rape, torture and murder of Kathy Morgan took place, and that Mr. Young was guilty of the crimes.

23.     Mr. Young continued to deny any involvement.

24.     Mr. Young was unable to resist the Defendants' abuse, and fearing additional beatings, he adopted the false version of events fed to him by the Defendants, namely, that he, Mr. Hill and Mr. Williams had all killed Ms. Morgan together.

25. Defendants told the court reporter to leave.

26. Defendant Rogers exceeded his authority when he prepared a written statement setting forth the Detectives' and his version of how the rape, torture and murder of Kathy Morgan took place, and how Mr. Young was involved.

27. Despite the fact he could not read or write, Mr. Young signed the statement.

28. This statement was a result of deception, trickery, psychological and physical pressure applied upon him by the Defendant Officers and Defendant Rogers, who had exceeded their authority. On the basis of the "confessions" of Mr. Hill and Mr. Young, the Defendant Officers proceeded to arrest Mr. Williams, the third individual supposedly involved with them in the murder.

**Harold Hill**

29. Harold Hill ("Mr. Hill") was 16 years old at the time of the crime. He did not know Ms. Morgan, nor did he have anything whatsoever to do with her murder.

30. After the initial processing of the scene, no suspects were arrested. Approximately nineteen months passed. During that time, the case remained open and unsolved.

31. In March of 1992, Mr. Hill, then 18 years old, was arrested pursuant to a charge unrelated to the murder of Kathy Morgan.

32. He was handcuffed to the wall in a police station by Defendant Officers, who exceeded their authority, and told he had killed Kathy Morgan.

33. Figuring they could "close the book" on that case, the Defendant Officers used physical violence against Mr. Hill, attempting to coerce him into confessing.

34.     Also participating in the interrogation was ASA Rogers, who was at the time acting in a capacity akin to an investigating police officer.

35.     During the interrogation, Mr. Hill repeatedly denied having any knowledge of the crimes and having any participation in the crimes. The Defendants showed Mr. Hill pictures from the crimes scene, referenced evidence in the case and provided information to Mr. Hill.

36.     At some point during the foregoing, Mr. Hill was taken, still handcuffed, to the building where the crimes took place. After that trip he was returned to the room and again handcuffed to the wall by the Defendants who exceeded their authority.

37.     Defendants exceeded their authority when they began to physically batter Mr. Hill, striking him repeatedly in the face, in the ribs and elsewhere.

38.     Defendant Rogers exceeded his authority when he then entered the room and demanded a confession from Mr. Hill. Defendant Rogers told Mr. Hill the story of how the crime took place. He advised Mr. Hill that Mr. Hill and two accomplices had raped, tortured and killed Ms. Morgan.

39.     Defendant Rogers exceeded his authority when he advised Mr. Hill in great detail about the murders and told him how afterward, he and his accomplices set the building on fire.

40.     After being advised he had committed the crimes, shown pictures of who the Defendants claimed he had committed the crimes with, and after being beaten, due to that deception, trickery, psychological pressure and physical pressure, Mr. Hill agreed to give a statement.

7

41.     In the statement the Defendants concocted for Mr. Hill, a series of events was described that involved Mr. Hill, Peter Williams and Dan Young, Jr., committing brutal and heinous acts against Ms. Morgan, culminating in killing her and setting the crime scene on fire.  Defendant Rogers and the detectives thereby exceeded their authority.

### Peter Williams

42.     Mr. Williams, then 19, was arrested by Defendants Boudreau and Halloran, who exceeded their authority when they arrested him without probable cause on March 23, 1992.

43.     He was taken from the street near his home, handcuffed and forced into Boudreau and Halloran's unmarked police car, and transported to a police station at 39th and California, in Chicago, Illinois.  By proceeding in that fashion, the detectives exceeded their authority.

44.     Halloran and Boudreau exceeded their authority when they handcuffed Mr. Williams to the wall.

45.     Defendants began to accuse Mr. Williams of harming Ms. Morgan, accusations Mr. Williams repeatedly denied.

46.     Defendants exceeded their authority when they continued to verbally abuse Mr. Williams and accuse him of the crimes.

47.     In response to Mr. Williams' claims of innocence, Defendants then exceeded their authority when they began to physically batter Mr. Williams.

48. At one point during their accusations of Mr. Williams, Defendant Halloran dry-fired a gun into Mr. Williams' mouth, which exceeded his authority.

49. After the aforementioned round of verbal and physical abuse, Defendants told Mr. Williams he would never be released and they left the room, leaving Mr. Williams handcuffed to the wall.

50. Upon their return, Defendants exceeded their authority when they provided Mr. Williams with their story of how the rape, torture and murder of Ms. Morgan occurred, and the role that Mr. Williams played in the crimes. They showed him pictures and told him how the pictures fit the story they had concocted.

51. In response to the story crated by the Defendants' accusations, Mr. Williams was outraged. He denied any involvement, so Defendants exceeded their authority when they continued to beat Mr. Williams. This time, the beatings included the use of a mallet by the Defendants upon Mr. Williams.

52. In addition to beating a statement out of Mr. Williams, the Defendants exceeded their authority when they advised Mr. Williams he was young and would not be charged with the crimes.

53. Defendant Rogers exceeded his authority when he took the statement from Mr. Williams and also advised him that he would not be charged with any crimes.

54. The pain from the beatings, psychological and physical pressure as well as the other treats and promises, led to the statements the Defendants took from Mr. Williams.

55. As a result of all the foregoing, Mr. Williams succumbed to the Defendant Officers' violence. His resultant false confession mirrored that of Mr. Hill and Mr. Young, likewise indicating that all three of them had raped and then killed Ms. Morgan

9

together, and it contained even more details about the crime. The Defendant Officers provided him with pictures and a story to tell. Defendant Rogers took the statement from Mr. Williams.

## The "Confessions" Unravel

56.     Shortly thereafter, Mr. Williams advised that the story the Defendants had concocted would not work, because he had been incarcerated at the time of the murder of Ms. Morgan. This revelation angered the Defendants.

57.     Accordingly, Mr. Williams' "confession" indicating that he, Mr. Young and Mr. Hill had all raped and killed Ms. Morgan together, was an impossibility, and would not have been procured but for the Defendant Officers' illegal tactics. In Mr. Williams' words, "by the time [the Defendant Officers] were through, I actually thought I did it."

58.     Also false were the confessions by Mr. Hill and Mr. Young wherein they supposedly admitted to raping and killing the victim with Mr. Williams.

## Aftermath

59.     Because Mr. Williams could not have committed the crime notwithstanding his signed, court-reported confession, he was released without trial.

60.     Tragically, however, the State nonetheless proceeded to prosecute Mr. Hill and Mr. Young. Even more tragically, they were convicted.

## The Due Process Violations

61.     In order to ensure that Mr. Hill and Mr. Young were convicted, the Defendant Officers not only manufactured false evidence, but also suppressed evidence of their own misconduct, and destroyed documents and other evidence that would have helped Mr. Young prove his innocence.

62.     The withholding of exculpatory information referred to in the foregoing paragraph includes, but is not limited to the Defendants' notes regarding the interrogations of Mr. Young, Mr. Hill and Mr. Williams, as well as evidence concerning alternative suspects, among other subjects.

63.     Defendants further violated Mr. Young's rights by creating various police reports containing materially false "evidence," e.g. attributing incriminating statements to witnesses who had in fact never made these statements.

64.     Defendants also suppressed, or caused to be suppressed, exculpatory evidence relating to the fingerprints and/or blood typing, as well as the presence of semen at the crime scene.

## Plaintiff's Wrongful Conviction

65.     Mr. Young and Mr. Hill both contemporaneously alleged that their "confessions" had been coerced, and that they were innocent.  Both attempted to suppress their confessions prior to trial, but said motions were denied.

66.     Following the denial of their motions to suppress, in 1994, Mr. Young and Mr. Hill were tried simultaneously (but to separate juries) for the rape and murder of Kathy Morgan.  Both men testified in their own defense that they had nothing to do with the crime notwithstanding their purported confessions.

67.    As a proximate result of the Defendants' misconduct described above, Mr. Young was wrongfully convicted, as was Mr. Hill. Both men were sentenced to life in prison.

68.    But for the Defendants' above described misconduct, Mr. Young would not have been prosecuted, much less convicted. The only evidence linking either him or Mr. Hill to this crime was their coerced confessions and the testimony of a forensic dentist named John Kenney, who supposedly specialized in so-called "bite mark" identification.

69.    In actuality, the bite-mark testimony had no scientific value. The victim's skin had been burned, rendering teeth-mark comparisons inappropriate because heat and fire distort human skin. At least two experts have since provided sworn testimony debunking the bite-mark testimony in this case.

70.    Moreover, Kenney himself has subsequently admitted publicly that he had been "pushed" by prosecutors into making his testimony more damning. In Kenney's words: "Sometimes you say OK to get them to shut up . . . I allowed myself to be pushed."

71.    Mr. Young was also convicted in part based on the coerced incriminating statement given by Mr. Hill.

**The Exoneration**

72.    Recent forensic testing conducted in the past two years on all of the physical evidence relating to the Morgan murder excludes Mr. Young and Mr. Hill, as well as Mr. Williams. This includes testing on the DNA material taken from underneath the victim's fingernails, as well as the hairs found on the victim's body, and at the murder scene.

12

73. In fact, DNA testing has revealed a unique genetic profile of two other as-yet unidentified men, presumably the real killers. Their DNA was found under the victim's fingernails, left there by her attackers as she tried to defend herself.

74. To his credit, faced with this convincing new evidence of innocence, Richard Devine's Office of the Cook County State's Attorney cooperated with the re-investigation of the case against Mr. Young and Mr. Hill.

75. Thereafter, in January of 2005, twelve years after they were sentenced to life in prisons, the Cook County prosecutors formally dropped all charges against Mr. Young and Mr. Hill relating to the Morgan murder.

## Defendant Officers

76. At the time of the allegations alleged herein, Kenneth Boudreau, along with the other Defendant Officers, were homicide detectives in Area 3, Violent Crimes Division, of the Chicago Police Department (the "Department").

77. At all times relevant hereto, the Defendant Officers were supervised by Commander Jon Burge, who had previously been transferred to Area 3 from Area 2.

78. Over the course of his long career, the Department has bestowed many honors on Defendant Boudreau, including commendations and prestigious assignments as rewards for his uncanny success in "solving" murders.

79. Indeed, Boudreau has demonstrated an extraordinary ability to persuade suspects to confess to serious violent crimes. Over and over again, Boudreau's interrogations throughout the years have resulted in people confessing to the crime of murder.

13

80. Unfortunately, however, Boudreau's methods go far beyond acceptable police interrogation techniques. Indeed, the *Chicago Tribune* examined thousands of murder cases in Cook County from 1991 through 2000, finding that Defendant Boudreau and some of the other Defendants had been involved in a wide range of cases that ultimately collapsed even though they had obtained confessions.

81. According to the *Tribune's* survey, however, "Boudreau stands out not only for the number of his cases [with confessions] that have fallen apart, but for the reasons. In those cases, Boudreau has been accused by defendants of punching slapping or kicking them; interrogating a juvenile without a youth officer present; and of taking advantage of mentally retarded suspects and others with low IQs."

82. In all, Boudreau managed to obtain murder confessions from more than a dozen people in which the charges were either dropped or the defendant was acquitted notwithstanding the supposed confessions.

83. For a two-year period in the early 1990s, for example, Boudreau and his partner Halloran helped "solve" at least five murders with "confessions" that ended with acquittals. All of these suspects alleged that Boudreau and/or Halloran mistreated them to obtain false confessions.

84. Some examples of abuses perpetrated by Boudreau and Halloran, often in cooperation with other Defendant Officers, include the following, all of which are corroborated by sworn testimony:

a. Derrick Flewellen signed a confession coerced by Boudreau after being interrogated for more than 36 hours, during which time he was slapped, kicked, punched and slammed into the wall by Boudreau and other detectives before succumbing to their

coercion. After spending almost five years in prison, Flewellen was acquitted of the two murders when DNA tests proved the crime was committed by someone else.

b.　　　Robert Wilson falsely confessed to slashing a woman with a knife after being slapped and threatened by Defendant Halloran and other Defendant officers. To seal the case, the Defendant officers manipulated the victim into identifying Wilson, and then withheld evidence from her that another man, one who exactly fir her description of the perpetrator, had slashed several women in the same area at about the same time. Just last week, Wilson was released from prison, after the victim came forward to blow the whistle on the Defendant Officers' manipulation of her testimony and identify her real attacker, but not before Wilson spent almost ten years in prison wrongfully incarcerated as a result of the Defendant Officers' misconduct.

c.　　　Boudreau obtained a murder confession from Alfonzia Neal, testifying that Neal waived his rights and signed a statement handwritten by a prosecutor. Experts established that Neal had an IQ in the 40s, well below the dividing line for mental retardation; and that he was incapable of intelligently waiving his Miranda rights. Neal was acquitted notwithstanding the signed confessions.

d.　　　In December, 1992, Boudreau and Halloran solved two separate murders with confessions from two mentally retarded juveniles, Fred Ewing and Darnell Stokes, classmates in special-education courses. One expert concluded that Ewing "was unable to comprehend the substance of the confession which he allegedly made." Absent any other evidence connecting them to the crime; both were acquitted despite the confessions obtained by Boudreau and Halloran.

15

e.    In 1998, Boudreau helped get a murder confession from a 13-year-old boy with a verbal IQ of 59. The judge later ruled that the boy did not have the mental capacity to waive his rights and threw out the confession. Prosecutors then dropped the charges.

85.    The above-described documented allegations constitute only a fraction of the cases where Boudreau and/or Halloran have engaged in unlawfully coercive tactics. This is because many, if not most, criminal defendants seeking to suppress confessions are ultimately unable to identify the particular detectives who committed the acts, as defendants are often interrogated by detectives working in rotations, all dressed in street clothes without nameplates.

86.    Thus, for every documented case of coercion, Boudreau and Halloran have gotten away with many other similar abuses which were never brought to light or justice.

87.    Moreover, there are many cases in which the attempted coercion by Boudreau and Halloran ultimately failed. Wherever no incriminating statement was actually obtained, Boudreau and his colleagues eventually had to release people; without any resulting statement, the instances of coercive tactics are rarely documented or otherwise visible to the public to compile. Even where victims took the inevitably-futile step of complaining to the Department's Office of Professional Standards, all such documents have since been destroyed per the City's agreement with the police union.

88.    For these reasons, the above-described list of abuses represents only a small proportion of the cases where people were victimized by Boudreau and Halloran's consistent *modus operendi* of coercing confessions.

16

## The Department's Response

89.     Due to the publicity associated with the aforementioned *Chicago Tribune* investigation and its conclusions that "Boudreau stands out not only for the number of his cases [with confessions] that have fallen apart, but for the reasons," the Department has reassigned Boudreau from the Detective Division to a Federal task force.

90.     However, despite the mountain of evidence corroborating their coercive interrogation tactics, Detectives Boudreau and Halloran not only remain employed by the Police Department of the City of Chicago, but they also have not been subjected to any genuine investigation, discipline or punishment.

91.     Once, the Department did try to suspend Boudreau for excluding a youth officer from his interrogation of a juvenile in a case that eventually drew headlines about police abuse when multiple confessions were thrown out and charges were dropped. Boudreau's superior officers, however, reduced his punishment to a meaningless reprimand.

92.     In this way, Boudreau and the other Defendant Officers were led to believe by their employer, the City of Chicago, that the only thing that mattered on their watch was obtaining confessions, regardless of whether the supposed confessors were actually innocent or guilty.

## Supervisory Liability

93.     The foregoing pattern of misconduct, including the abuses of Mr. Young in the Morgan investigation, took place under the direct supervision of the Area 3 commander,

17

Jon Burge. The constitutional violations alleged herein occurred at Burge's direction, and Burge was deliberately indifferent thereto.

94.    Absent knowing participation by the command personnel responsible for supervising the Defendant Officers, the misconduct alleged in this Complaint could not have occurred.

## Chicago's "Street Files" Practice

95.    The unconstitutional withholding of exculpatory information from Mr. Hill's defense in this case, as well as the subsequent destruction of portions of the same, was all undertaken pursuant to, and proximately caused by, a policy and practice on the part of the Chicago Police Department.

96.    Specifically, at all times relevant hereto, members of the Chicago Police Department, including the Defendants in this action, systematically suppressed <u>Brady</u> material by intentionally secreting discoverable information in so-called "Street Files."

97.    As a matter of widespread custom and practice, these clandestine street files were routinely withheld from the State's Attorney's Office and from criminal defendants, and were subsequently destroyed.

98.    Consistent with the municipal policy and practice described in the preceding paragraphs, Defendants in this case concealed exculpatory evidence within street files which were never disclosed to Mr. Young's criminal defense team and which have since been destroyed. This withholding and destruction of evidence which would have exonerated Mr. Young was undertaken pursuant to the City's policy and practice in the manner described above.

18

99.    The street files practice described in the foregoing paragraph was consciously approved at the highest policy-making level for decisions involving the police department, and was a proximate cause of the injuries suffered here by the plaintiff.

100.    The street files practice described in the foregoing paragraph was enjoined by court order and supposedly discontinued prior to the investigation of the Morgan murder. Contrary to the Department's public pronouncements, however, the street files practice continued through and including the Morgan investigation, directly causing a violation of Mr. Young's rights.

101.    All of the actions taken by the individual Defendants in connection with the investigation of the Morgan murder were undertaken under color of law and within the scope of their employment.

## Count I

## Due Process – 42 U.S.C. § 1983

### All Defendants

102.    Each of the paragraphs of this complaint is incorporated as if restated fully herein.

103.    As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

104.    In the manner described more fully above, the Defendants deliberately withheld exculpatory evidence as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of the Plaintiff. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

105. The Defendant Officers' misconduct also directly resulted in the unjust criminal conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, a fair appeal thereof, and fair post-conviction proceedings, all in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

106. As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries including, but not limited to, emotional distress, as is more fully alleged above.

107. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

108. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that Mr. Young was the victim of, and his injuries were proximately caused by, a policy and practice on the part of the City of Chicago to pursue and secure false convictions through profoundly flawed investigations.

109. Specifically, throughout the 1980s and early 1990s, and continuing thereafter, a group of Chicago Police Officers in Areas 2 and 3, including some or all of the Defendants herein, engaged in a systematic pattern of coercion, fabrication of evidence, withholding of exculpatory information, and other illegal tactics, the sum total of which completely corrupted the investigative process.

110. This institutional desire to close cases through abusive tactics regardless of actual guilt or innocence, in order to enhance police officers' personal standing in the Department, was known to the command personnel, who themselves participated in the practice.

111    The above-described widespread practices, so well-settled as to constitute de facto policy in the Chicago Police Department during the time period at issue, was able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem.

112.    The widespread practices described in the preceding paragraphs were allowed to take place because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment. Indeed, the Department's system for investigating and disciplining police officers accused of the type of misconduct which befell Plaintiff was, and is, for all practical purposes, nonexistent.

113.    Chicago police officers who manufactured criminal cases against individuals such as Plaintiff had every reason to know that they not only enjoyed de facto immunity from criminal prosecution and/or Departmental discipline, but that they also stood to be rewarded for closing cases no matter what the costs. In this way, this system proximately caused abuses, such as the misconduct at issue in this case.


WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against

each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count II

## False Imprisonment – 42 U.S.C. § 1983

## All Defendants

114. Each of the paragraphs of this complaint is incorporated as if restated fully herein.

115. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of his constitutional rights.

116. As a result of this violation, Plaintiff suffered injuries, including, but not limited to emotional distress, as is more fully alleged above.

117. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

118. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL

22

McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count III

### Coerced Confession – Fourteenth Amendment– 42 U.S.C. § 1983

### All Defendants

119.  Each of the paragraphs of this complaint is incorporated as if restated fully herein.

120.  As more fully described above, one or more of the Defendants used unjustified violence against Plaintiff in an attempt to coerce him to confess to a crime he did not commit.

121.  As a result of Defendants' unjustified use of force, Plaintiff suffered great mental anguish, humiliation, physical and emotional pain and suffering and other consequential damages.

122.  The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

123.  The misconduct described in this Count was also undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count IV

### Coerced Confession – Fifth Amendment– 42 U.S.C. § 1983

### All Defendants

124.    Each of the paragraphs of this complaint is incorporated as if restated fully herein.

125.    As more fully described above, one or more of the Defendants used unjustified violence against Plaintiff in an attempt to coerce him to confess to a crime he did not commit.

126     Plaintiff, who was not provided any *Miranda* warnings, was denied access to legal counsel for the duration of his interrogation, notwithstanding requests for the same. As a result of this and other misconduct described in the Complaint, Plaintiff was forced to incriminate himself falsely against his will.

127.    Plaintiff's coerced false statements were used against Plaintiff in a criminal case to his detriment.

128. As a result of Defendants' misconduct, Plaintiff suffered great mental anguish, humiliation, physical and emotional pain and suffering, and other consequential damages, as well as loss of liberty.

129. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

130. The misconduct described in this Count was also undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

### Count V

### Sixth Amendment– 42 U.S.C. § 1983

### All Defendants

131. Each of the paragraphs of this complaint is incorporated as if restated fully herein.

132. As described more fully above, one or more of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff his right to counsel in violation of his constitutional rights.

133. As a result of these violations, Plaintiff suffered injuries, including, but not limited to, emotional distress, as is more fully alleged above.

134. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

135. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner more fully described above.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

**Count VI**

26

## Equal Protection– 42 U.S.C. § 1983

### All Defendants

136.    Each of the paragraphs of this complaint is incorporated as if restated fully herein.

137.    As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of his constitutional rights.

138.    Specifically, these Defendants actively participated in, or personally caused, misconduct in terms of abusing minority criminal suspects in a manner calculated to coerce confessions and secure unjust convictions. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected minorities in a grossly disproportionate manner vis-à-vis similarly situated Caucasian individuals.

139.    As a result of this violation, Plaintiff suffered injuries, including, but not limited to emotional distress, as is more fully alleged above.

140.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

141.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner more fully described above.


WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL

McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count VII

### Section 1985 Conspiracy to Deprive Constitutional Rights

### All Defendants

142.    Each of the paragraphs of this complaint is incorporated as if restated fully herein.

143.    As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law.

144.    In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to Plaintiff.

145.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

146.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL

28

McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count VIII

### Section 1983 Conspiracy to Deprive Constitutional Rights

### All Defendants

147.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

148.    After the Morgan murder, the Defendants reached an agreement amongst themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional rights all as described in the various paragraphs of this Complaint.

149.    Independently, before and after Plaintiff's convictions, each of the Defendants further conspired, and continues to conspire, to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various paragraphs of this Complaint.

150.    In this manner, the Defendant Officers, acting in concert with other known co-conspirators, including persons who are not members of the Chicago Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

151.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

152.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

153.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

154.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Chicago with final policymaking authority.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

**Count IX**

30

## Denial of Access to Courts– 42 U.S.C. § 1983

### All Defendants

155.    Each of the paragraphs of this complaint is incorporated as if restated fully herein.

156.    In the manner described more fully herein, each of the Defendants, all while acting individually, jointly, and in conspiracy, denied Plaintiff the right to access to courts by their wrongful suppression and destruction of information and evidence which deprived Plaintiff of constitutional claims against potential defendants.

157.    Other claims were diminished by the passage of years, and the accompanying erosion of evidence necessary to prove these claims against those Defendants.

158.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

159.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.


WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

31

## Count X

### Failure to Intervene– 42 U.S.C. § 1983

### All Defendants

160.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

161.    In the manner described above, during the constitutional violations described above, one or more of the Defendants (and other as-yet-unknown Chicago Police Officers) stood by without intervening to prevent the misconduct.

162.    As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

163.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

164.    The misconduct described in this Count was undertaken pursuant to Chicago's policy and practice in the manner described in preceding paragraphs.


WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE

32

ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count XI

## Conditions of Confinement– 42 U.S.C. § 1983

### All Defendants

165.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

166.    In attempting unlawfully to coerce Plaintiff to confess to a murder he did not commit, the Defendants employed unlawful methods, such as shackling Plaintiff's wrist to the wall for excessive amounts of hours and intentionally depriving Plaintiff of rest.

167.    The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

168.    As a result of this misconduct, Plaintiff sustained physical and emotional injuries.

169.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.


WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL

McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count XII

### False Imprisonment – Illinois State Law Claim

### Defendants Rogers and City of Chicago

170.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

171.    The imprisonment of Plaintiff, Dan Young, Jr., without probable cause, in excess of their authority, individually, jointly and in conspiracy by Defendants and its continuation by these Defendants for over twelve (12) years, constitutes the tort of false imprisonment under Illinois law.

172.    The Defendants' actions in imprisoning Plaintiff were willful and wanton.

173.    Defendants were, at all times material to this Complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment, because they acted with the dual purpose of furthering their employer's interest and also furthering their own self interest, therefore, their acts which violated state law are directly chargeable to the Defendant City under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count XIII

### Malicious Prosecution – Illinois claim

### Defendants Rogers and City of Chicago

174. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

175. Defendant Officers individually, jointly and in conspiracy, *inter alia*, by constructing, coercing, manipulating, fabricating and altering the evidence against the Plaintiff, and by deceiving the prosecutors who prosecuted Plaintiff's case, initiated a malicious prosecution without probable cause against the Plaintiff, and continued said prosecution, again, without probable cause.

176. Said prosecution was ultimately terminated in Plaintiff's favor.

177.    The Defendants' actions were done in a willful and wanton manner, in excess of their authority, and directly and proximately caused the injury and damage to Plaintiff set forth above.

178.    Defendant Officers were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment, because they acted with the dual purpose of furthering their employer's interest and also furthering their own self interest, therefore, their acts which violated state law are directly chargeable to the Defendant City under state law pursuant to *respondeat superior.*

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count XIV

### Intentional Infliction of Emotional Distress – Illinois claim

### Defendants Rogers and City of Chicago

179.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

180.    Defendants individually, jointly and in conspiracy, *inter alia,* by constructing, coercing, manipulating, fabricating and altering the evidence against the Plaintiff, and by procuring Plaintiff's prosecution, conviction, life sentence and imprisonment of heinous crimes he did not commit, engaged in extreme and outrageous conduct in excess of their authority.

181.    Defendants intended, by subjecting Plaintiff to such humiliating, degrading conduct, to inflict severe emotional distress on Plaintiff, and knew that their conduct would cause Plaintiff and his family severe emotional distress.

182.    As a direct and proximate result of the Defendants' outrageous conduct, Plaintiff was injured, and experienced severe emotional distress, including nightmares, sleep disruption, symptoms of post traumatic stress disorder, anxiety, depression and inability to focus or concentrate.

183.    Defendant Officers were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment, because they acted with the dual purpose of furthering their employer's interest and also furthering their own self interest, therefore, their acts which violated state law are directly chargeable to the Defendant City under state law pursuant to *respondeat superior.*

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN,

JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Count XV

### Conspiracy – Illinois claim

### Defendants Rogers and City of Chicago

184.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

185.    Defendants, with other un-sued co-conspirators, and other police and prosecutorial investigative, supervisory, and command personnel, together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely imprison and/or to continue said imprisonment, to maliciously prosecute and/or continue said prosecution, and to intentionally inflict severe emotional distress upon Plaintiff.

186.    In furtherance of this conspiracy or conspiracies, Defendants' together with their un-sued co-conspirators, committed the overt acts set forth above in excess of their authority.

187.    Said conspiracy (ies) and overt acts were and are continuing in nature.

188.    Defendants and their co-conspirators' overt acts, as set forth above in excess of their authority, which were committed jointly and/or while conspiring together to falsely imprison, maliciously prosecute and intentionally inflict emotional distress on the Plaintiff, were illegal, unconstitutional and constitute the tort of conspiracy as set forth above.

WHEREFORE, Plaintiff, L.C. YOUNG, as administrator of the Estate of Dan Young, Jr., deceased, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, KENNETH BOUDREAU, JOHN HALLORAN, JAMES O'BRIEN, JON BURGE, ANDREW CHRISTOPHERSON, DANIEL McWEENY, MICHAEL KILL, WILLIAM MOSER, JOHN PALADINO, MIKE ROGERS, and other AS-YET-UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

Respectfully Submitted,

Kathleen T. Zellner

KATHLEEN T. ZELLNER & ASSOCIATES
1717 North Naper Boulevard
Suite 203
Naperville, IL 60563
(630)955-1212
**Atty No: 27942**

39